## FRANK ARNOLD V. STATE.

No. 24089. June 16, 1948.

Hon. Clyde E. Smith, Judge Presiding.

*Faver & Barnes* of Jasper, and *H. A. Coe* of Kountze, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of assault with a prohibited weapon and sentenced to three years in the penitentiary.

Grady Tarver, the injured party, claimed for himself and an associate an unmarked calf which he found in the pasture of appellant. He went to the gate entering the pasture in the afternoon and waited for appellant to return from a fishing trip, which he did some five or six hours later and just at dark. Appellant was informed of the presence of Tarver, with others, and went from his home across a public road and a railroad right-of-way to the pasture in which the calf was supposed to be, through the pasture and to the gate where Tarver was. Upon approaching Tarver, hot words preceded the assault and it is the State's contention, supported by Tarver and a few other witnesses, that appellant struck Tarver with a pistol and beat him up quite seriously.

All of the testimony in behalf of the State, as to the things that took place at this point, was controverted in minute detail by witnesses called by appellant. The defense contends that he had no pistol and that he did not strike him with anything except his fist. The State's case turns upon that issue, which the jury has concluded against appellant. A further defense is that appellant was on his own premises where he had a right to carry a gun; that, even if he had a pistol, he was within his rights so that it could not be classed as a "prohibited weapon" under the statute. Some of the State's witnesses placed appellant. beyond his own boundary line at the time of the assault, but this seems to hinge upon a certainty as to where the boundary line is. One witness testified that it was along the present fence and the gate. There is evidence of an old fence line some dis-. tance out from the gate which the defense claims is his true

boundary line. Other witnesses place the parties even beyond that line. There is hardly an accepted fact in the case relating to the manner of the assault, the means used, or the things said between the parties. One group of witnesses testify consistently one way and of the other group each witness is sharply in conflict with those for the State.

Relative to the issue on the right of the accused to carry the pistol on his own premises, it is admitted that appellant had been fishing, that he drove up to the package store owned by him on the opposite side of the railroad and public road from the pasture. He was there informed of the presence of Tarver and the claim he was making to the calf. He left, with his informant, crossed the road and the right-of-way, entered his pasture and went to the gate. This is testified to by the appellant's witnesses. The same witnesses, however, claim that he did not have a pistol as he did so. No State's witness saw him crossing the road and the right-of-way with a pistol. The record is silent as to whether or not he had a chance and did secure the pistol from some place after he entered the pasture.

If he was in lawful possession of his pistol at the point of the conflict the State's case must fall. It is a question of fact as to whether or not the fight took place on appellant's premises; and it is a further question of fact as to whether or not he had the pistol at all; and, if he did, whether or not he was lawfully in possession of it. All of these issues should have been submitted to the jury.

The record reveals that the defense objected to the court's charge because it did not carry an affirmative instruction on his defense that he had a right to carry a pistol on his own premises; and, further, to instruct the jury that if they should find and believe from the evidence that he was carrying a pistol on his own premises at the time of the alleged assault that he would not be guilty of an assault with a prohibited weapon. The court refused to correct his charge and refused to give the affirmative charge requested by the defendant. In so doing he fell into error.

The State attempts to meet this objection with the contention that he must have crossed the road and the right-of-way with the pistol, for which reason he could not be in lawful possession of the pistol on his pasture lands. As pointed out, there is no evidence that he did so. Even if a circumstance indicates such,

the issue is controverted by direct testimony and the charge would be required.

It is not considered necessary to discuss the other questions raised in this appeal. For the error pointed out, the judgment of the trial court is reversed and the cause is remanded.